**UNITED STATES of America,**
**Appellee,**

v.

**Brian Omar REED, a/k/a O, Appellant.**

No. 03–3019.

United States Court of Appeals,
District of Columbia Circuit.

May 20, 2004.

Martin D. Carpenter, Assistant U.S. Attorney, John Robert Fisher, Assistant U.S. Attorney, John Paul Gidez, Roscoe Conklin Howard, Jr., U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Plaintiff–Appellee.

Ernest W. McIntosh, Jr., Newman & McIntosh, Bethesda, MD, for Defendant–Appellant.

Before RANDOLPH, TATEL, and GARLAND, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. It is

■ **ORDERED AND ADJUDGED** that the district court's judgment of conviction be affirmed. Reed contends that the evidence was insufficient to support his convictions for possession with intent to distribute the heroin, cocaine and marijuana found in his house. The "question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Reed was found in the house, as were documents bearing his name and address. Marijuana was found on the shelf in Reed's basement bedroom along with various types of drug paraphernalia; a coffee grinder with heroin residue was found in the basement bathroom. These items connected Reed to the heroin and cocaine found in a chair on the main level of the house. Constructive possession requires only that the defendant knew of, and could exercise control over, the contraband. *United States v. Byfield,* 928

F.2d 1163, 1166 (D.C.Cir.1991). The evidence thus supports the verdict.

■ Reed also claims that the district court erred in refusing to sever his trial from that of his co-defendants. A denial of a motion for severance is reviewed only for abuse of discretion and a conviction will be reversed only if this court determines that the defendant was denied a fair trial. *United States v. Halliman,* 923 F.2d 873, 884 (D.C.Cir.1991). It was proper to try Reed with his co-defendants because all were charged with conspiracy. That Reed was not charged in all substantive counts did not require severance. The court instructed the jury that the evidence against each defendant should be considered separately. The jury followed these instructions, and compartmentalized the evidence: it acquitted Reed of the conspiracy charge and one other charge but convicted another defendant of all charges. Reed's conviction is therefore affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C. Cir. R. 41.